UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NIKE, INC., | : | |
| | : | |
| | : | **Civil Action No. 13-3435 (SRC)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| ALTO CUSTOMHOUSE BROKER, INC., et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| v. | : | |
| | : | |
| COSCO CONTAINER LINES CO. LTD a/k/a COSCO CONTAINER LINES, et al., | : | |
| | : | |
| Third-Party Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion brought by Defendants /Third-Party Plaintiffs Alto Customhouse Brokers Inc. and Judy T. Merola for entry of default judgment against Third-Party Defendant Ever Leading Int'l (New York) Corp. ("Ever Corp.") pursuant to Federal Rule of Civil Procedure 55(b) [docket entry 63]. The motion is unopposed.

The entry of a default judgment is "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. DirecTV, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

The instant motion for default judgment will be denied because Defendant/Third-Party Plaintiffs' claims against Third-Party Defendant Ever are contingent upon a finding of liability against Defendants/Third-Party Plaintiffs on Plaintiff Nike's claims based on allegations that Defendants imported counterfeit footwear infringing on Nike's trademarks.  Even if the Court accepts as true the allegations made against Ever Corp., its liability on the third-party claims cannot be established without first determining the merits of Plaintiff Nike's claims against Defendants/Third-Party Plaintiffs.  The Court further notes that Ever Corp. is named as one of many Third-Party Defendants in this action, and a determination as to its share of responsibility, if any, for the potential liability borne by Defendant/Third-Party Plaintiff may also require resolution of the claims against the other Third-Party Defendants. Even if there were a sufficient factual predicate to warrant entry of default judgment against Ever as to liability only, the posture of this action at this time would not permit the Court to conduct a proof hearing for a determination of damages. At this point in the litigation, lacking any resolution of the claims in chief, the Court will be unable to enter judgment resolving Defendant/Third-Party Plaintiffs' claims against Ever Corp. pursuant to Federal Rule of Civil Procedure 55(b).

Accordingly, **IT IS** on this 8th day of June, 2015,

**ORDERED** that Defendant/Third-Party Plaintiffs' motion for default judgment against Third-Party Defendant Ever Leading Int'l (New York) Corp. pursuant to Federal Rule of Civil Procedure 55(b) [docket entry 63] be and hereby is **DENIED**.

          s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge